JUILLETTE, The (RICHARDSON v.). See Case No. 11,784.

---

## Case No. 7,573.

### The JULIA.

[1 Gall. 43.] [1]

Circuit Court, D. Massachusetts. May Term, 1812.

SHIPPING—FORFEITURE — COASTING VESSEL—FOREIGN VOYAGE.

Under the 8th section of the coasting act, 18th February, 1793, c. 8 [1 Stat. 305], a coasting vessel is not forfeited for proceeding on a foreign voyage, where such vessel has not actually broken ground with an intention to commence such a voyage.

[Cited in U. S. v. One Hundred and Twenty-Nine Packages, Case No. 15,941.]

[Appeal from the district court of the United States for the district of Massachusetts.

[This was a libel by the United States against the Julia (Deland, claimant).]

G. Blake, for the United States.
William Prescott, for claimant.

STORY, Circuit Justice. The sloop Julia is a licensed vessel, employed in the coasting trade between Boston and Salem. On Saturday, the 1st of October, 1808, she took on board, at one of the upper wharves in Salem, a cargo of 550 barrels of flour, which had been previously purchased by some persons in Boston. On the evening of the same day, the sloop dropped down the harbor, nearly opposite the Crowninshield wharf, a place where vessels frequently lie, and there anchored with two anchors. She remained in this situation until the ensuing Sunday night, when she was boarded by a revenue boat about midnight. At this time she had her mainsail up, one anchor upon her bows, the other down, and a crew of five persons on board, who appeared all to be strangers, and soon afterwards quitted the vessel. On Monday, the 3d of October, the sloop obtained a clearance from the custom house for Boston, but was immediately seized by the collector upon knowledge of the preceding facts. It is admitted that the sloop never broke ground, except by dropping down opposite the Crowninshield wharf, which is clearly within the port of Salem. A great variety of other facts are stated in the decree of the district court, (which were conceded by the parties to be truly stated) tending to show an illegal destination of the sloop, and an intention

---

[1] [Reported by John Gallison, Esq.]

to violate the laws regulating the embargo. I do not recapitulate these facts, because even supposing that they prove all which the United States contend for, and on this I do not decide; still there is enough in the case to show, that the decree of the court below was right.

The ground of forfeiture alleged, and ultimately relied on by the United States, is, that the Julia proceeded on a foreign voyage, without first giving up her enrolment and license; and without being duly registered, contrary to the 8th section of the coasting act, 18th February, 1793 (chapter 8). And it is contended, that the dropping down on Saturday evening, with an intent, ultimately, to pursue a foreign voyage, is a proceeding within the act. I cannot so construe the act. It would be extending the construction of a penal statute, far beyond the liberality allowed by courts in the most favored of contracts. Had this been a case of insurance from Salem to a foreign port, and in dropping down, a loss had occurred, it is clear that such a breaking of ground would not have been deemed a commencement of the voyage, within the policy, so as to have bound the underwriters to the payment of such loss. How can I say, that the Julia actually proceeded on a foreign voyage, when she voluntarily, and even designedly, anchored in the harbor of Salem, at a customary place, and no sufficient crew appeared on board to perform, nor intention was manifested at that time to commence such a voyage? The proceeding on a foreign voyage can only be, when the vessel actually breaks ground, with an indisputable intention thereby to commence such voyage. I give no opinion how far a departure from the port was necessary to complete the offence; for, in the present case, there was not even an attempt to proceed.

Decree affirmed.